IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-380

| | |
|---|---|
| JAMES D. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STONEMOR PARTNERS LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6).[1] (Doc. No. 7.) For the reasons set forth below, the motion to dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff James D. Wright, an African American male, brought this *pro se* action against his former employer, Defendant StoneMor GP LLC ("StoneMor"), and seven of StoneMor's individual employees (the "Individual Defendants"). Plaintiff alleges that he was discriminated against after lodging several complaints against a fellow employee. Plaintiff also alleges that he was harassed, threatened, intimidated, and abused by several StoneMor employees resulting in his nervous breakdown and eventually culminating in a request for Plaintiff's resignation.

---

[1] In the alternative, Defendants filed an Motion for a More Definite Statement under Federal Rule 12(e). In order "to survive a Rule 12(e) motion, a 'pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss.'" *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 n.3 (4th Cir. 2005). After an extensive review of the complaint and memoranda before the Court, it is apparent that Plaintiff is not entitled to relief under any possible claim pled, either expressly or impliedly, in his complaint. Thus, Plaintiff's complaint cannot survive a Rule 12(e) motion and the Court will address Plaintiff's claims on their merit.

1

On April 11, 2011 Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge against StoneMor. Plaintiff did not name any of the Individual Defendants in the charge. Plaintiff's EEOC charge alleged only race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). On March 23, 2012 the EEOC dismissed Plaintiff's charge and mailed him a notice of his right to sue.

Plaintiff filed his complaint in this Court on June 19, 2012 alleging an implied claim for wrongful termination and claims under Title VII, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 1981 ("Section 1981"), and Executive Order 8802. Defendants filed the instant motion to dismiss and in the alternative, a motion for a more definite statement.

## II. INDIVIDUAL LIABILITY

The Court dismisses Plaintiff's claims against the Individual Defendants because Section 1981, Title VII, the ADEA, and the ADA preclude individual liability. Additionally, upon finding that GINA also prohibits liability for individual employees, the Court dismisses all claims against the Individual Defendants.[2]

Fourth Circuit precedent expressly prohibits individual liability under Title VII, the ADEA, and the ADA. *Jones v. Sternheimer*, 387 Fed. Appx. 366, 368 (4th Cir. 2010) ("these statutes do not provide for causes of action against defendants in their individual capacities"). Each Individual Defendant is an employee or former employee of StoneMor. Thus, each

---

[2] Plaintiff's Executive Order 8802 and implied wrongful termination claims against the Individual Defendants are dismissed for the reasons stated in Section IV.b. and Section IV.c. of this Order.

2

On April 11, 2011 Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge against StoneMor. Plaintiff did not name any of the Individual Defendants in the charge. Plaintiff's EEOC charge alleged only race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). On March 23, 2012 the EEOC dismissed Plaintiff's charge and mailed him a notice of his right to sue.

Plaintiff filed his complaint in this Court on June 19, 2012 alleging an implied claim for wrongful termination and claims under Title VII, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 1981 ("Section 1981"), and Executive Order 8802. Defendants filed the instant motion to dismiss and in the alternative, a motion for a more definite statement.

## II. INDIVIDUAL LIABILITY

The Court dismisses Plaintiff's claims against the Individual Defendants because Section 1981, Title VII, the ADEA, and the ADA preclude individual liability. Additionally, upon finding that GINA also prohibits liability for individual employees, the Court dismisses all claims against the Individual Defendants.[2]

Fourth Circuit precedent expressly prohibits individual liability under Title VII, the ADEA, and the ADA. *Jones v. Sternheimer*, 387 Fed. Appx. 366, 368 (4th Cir. 2010) ("these statutes do not provide for causes of action against defendants in their individual capacities"). Each Individual Defendant is an employee or former employee of StoneMor. Thus, each

---

[2] Plaintiff's Executive Order 8802 and implied wrongful termination claims against the Individual Defendants are dismissed for the reasons stated in Section IV.b. and Section IV.c. of this Order.

individual cannot be held liable under Title VII, the ADEA, and the ADA. Accordingly, the Court dismisses Plaintiff's claims under Title VII, the ADEA, and the ADA against the Individual Defendants.

Furthermore, individual supervisors can only be held liable under Section 1981 if they "intentionally cause an employer to infringe upon" the rights secured by that statute. *Carson v. Giant Foods, Inc.*, 187 F. Supp. 2d 462, 483 (D. Md. 2002) (quoting *Tillman v. Wheaton-Haven Recreation Association*, 517 F.2d 1141, 1145 (4th Cir. 1975). Plaintiff failed to allege that any of the Individual Defendants are his supervisor. Plaintiff also failed to allege that the Individual Defendants engaged in any intentional act causing StoneMor to infringe upon Plaintiff's Section 1981 rights. Thus, the Court dismisses Plaintiff's Section 1981 claim against the Individual Defendants.

Finally, the Court finds that GINA does not provide for individual liability due to its incorporation of the Title VII definition of "employer." GINA's definition of "employer" encompasses "an employer (as defined in section 2000e(b) of this title)."[3] 42 U.S.C. § 2000ff(2)(B)(i). Title VII defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."[4] 42 U.S.C. § 2000e(b).

---

[3] Also included in the definition of employer, though not relevant to this decision, is "an entity employing a State employee described in section 2000e-16c(a) of this title; . . . an employing office, as defined in section 1301 of Title 2; . . . an employing office, as defined in section 411(c) of Title 3; or . . . an entity to which section 2000e-16(a) of this title applies." 42 U.S.C. § 2000ff(2)(B)(ii)-(v).

[4] The term "agent" does not give rise to individual liability. *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.") As with the nearly identical definition within the ADEA, it "simply represent[s] 'an unremarkable expression of respondeat superior-that discriminatory personnel actions taken

3

Case 3:12-cv-00380-GCM   Document 13   Filed 09/12/12   Page 3 of 10

It is well established that Tile VII does not extend liability to employees in their individual capacities. *See Lassau v. Southern Food Service, Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("[E]very circuit that has confronted this issue . . . has rejected claims of individual liability. . . . We join these courts and reiterate that supervisors are not liable in their individual capacities for Title VII violations."); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999) ("We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'"); and *Shields v. Federal Express Corp.*, 120 Fed. Appx. 956, 960 n.2 (4th Cir. 2005) (noting that an individual manager was rightly dismissed as an improper defendant). Through the direct incorporation of the Title VII definition of "employer," it is apparent to the Court that Congress did not intend GINA to give rise to liability against an individual. Accordingly, the Court finds that GINA does not permit liability for employees in their individual capacities. Plaintiff's GINA claim against the Individual Defendants is dismissed.[5]

### III. RULE 12(b)(1) SUBJECT MATTER JURISDICTION

Several of Plaintiff's claims against StoneMor must be dismissed because this Court lacks subject matter jurisdiction. Subject matter jurisdiction is a threshold issue that must be addressed before a case may be considered on the merits. *Jones v. American Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). When the factual basis for subject matter jurisdiction is challenged in a Rule 12(b)(1) motion, the burden of proving jurisdiction falls to the plaintiff. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). The

---

by an employer's agent may create liability for the employer.'" *Id*. (quoting *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994)).

[5] To the extent that GINA may permit liability against individual employees, for the reasons stated in Section III.b. of this opinion, Plaintiff's GINA claim against the Individual Defendants fails.

party challenging subject matter jurisdiction will prevail when the jurisdictional facts are not in dispute. *Id*.

The ADEA, GINA, and the ADA all contain requirements that a plaintiff resort to, and exhaust all, administrative remedies before filing a case in federal court. Plaintiff failed to satisfy these requirements. Thus, the Court dismisses Plaintiff's ADEA, GINA, and ADA claims for lack of subject matter jurisdiction.

### a. Age Discrimination in Employment Act

Under the ADEA, a plaintiff must first: (1) exhaust all administrative remedies, or (2) notify the Equal Employment Opportunity Commission ("EEOC") of his intent to sue at least thirty days prior to bringing the claim in federal court, and within 180 days from when the alleged discrimination took place. 29 U.S.C. § 633a(c), (d); *Stevens v. Dept. of Treasury*, 500 U.S. 1, 5-6 (1991). Under the first method, the scope of the plaintiff's right to sue is defined by the contents of the plaintiff's EEOC complaint. *Brodrick v. Napolitano*, No. 3:09-CV-450-FDW-DSC, 2010 WL 3397461 at *2 (W.D.N.C. Aug. 24, 2010) (citing *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" may be brought in a subsequent federal lawsuit. *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Failure to properly exhaust the administrative process deprives the federal court of subject matter jurisdiction over the claim. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009).

Plaintiff failed to properly follow either administrative procedure. Plaintiff presented no evidence that he provided notice to the EEOC of his intent to bring suit, and since this action was brought well beyond 180 days after the alleged discrimination took place, the only means by

5

which Plaintiff may proceed is by exhausting his administrative remedies.  Plaintiff does not allege any facts relating to the content or substance of his EEOC charge.  In fact, Plaintiff's only allusion to a relevant administrative proceeding is in his reference to the EEOC right to sue notice.  (Doc. No. 1, Compl. at ¶ 1.a.).  Defendants demonstrated that Plaintiff's EEOC charge only contained allegations of a Title VII race discrimination claim and a retaliation claim.  (Doc. No. 8, Exhibit A at 2.)  Other than filling in his date of birth in the appropriate field, Plaintiff's EEOC charge makes absolutely no reference to the possibility of age discrimination at all.  (*Id*.)  Furthermore, there is no way to find that an ADEA claim is reasonably related to the content of the EEOC charge.  Plaintiff did not allege an ADEA violation in his EEOC charge and thus, he failed to properly exhausted his administrative remedies.  This Court, therefore, lacks subject matter jurisdiction over the claim.  Accordingly, the Court dismisses Plaintiff's ADEA claim.

    **b. Genetic Information Nondiscrimination Act and Americans with Disabilities Act**

Similarly, both GINA and the ADA incorporate the Title VII requirement that a plaintiff exhaust all administrative remedies prior to filing suit in federal court. *See* 42 U.S.C. § 2000ff-6(a); and 42 U.S.C. § 12117 (incorporating the powers and procedures of Title VII, including administrative remedies exhaustion of 42 U.S.C. § 2000e-5(f)).  This includes the necessity of properly filing a charge with the EEOC.  *Laber v. Harvey*, 438 F.3d 404, 415-16 (4th Cir. 2006).  Only after the charge is filed, and either the EEOC's attempts at conciliation have failed or the EEOC determines that there is no reasonable cause to believe discrimination occurred, may the plaintiff file suit in federal court.  *Id*.  If the plaintiff fails to follow these procedures, then a federal court lacks subject matter jurisdiction over the claim.  *Jones*, 551 F.3d at 300.

Plaintiff's EEOC charge contained only allegations of Title VII race discrimination and retaliation claims.  (Doc. No. 8, Exhibit A.) The charge does not directly allege, or even

6

tenuously allude, to any possibility of a claim under GINA or the ADA. (*Id*.) Plaintiff failed to follow the proper administrative procedures and therefore the Court lacks subject matter jurisdiction over these claims. Accordingly, the Court dismisses Plaintiff's GINA and ADA claims.

## IV. RULE 12(b)(6) FAILURE TO STATE A CLAIM

The Court dismisses Plaintiff's remaining claims for failure to plead sufficient facts to support the claims. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). A complaint, therefore, must allege each necessary element of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). Determining whether a complaint meets this standard follows a "two-pronged approach." *Iqbal*, 556 U.S. at 679.

First, the court begins by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Moreover, a court should not assume the truth of "bald allegations" or legal conclusions. *Id.* at 678-681 (discussing that the Federal Rules of Civil Procedure "do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

Once the court eliminates conclusory statements, the court determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. The allegations must suffice to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[T]o survive a motion to dismiss, the complaint 'must state a plausible claim for relief' that 'permits the court to infer more than the mere possibility of misconduct' based upon

'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

Generally, courts hold *pro se* pleadings to a "less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This lenience will not extend to the level of outright advocacy for the plaintiff. *McCaskey v. Henry*, No. 3:10-cv-390, 2012 WL 1118851 *3 (W.D.N.C. Apr. 3, 2012) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). A *pro se* plaintiff must "still do more than a 'formulaic recitation of the elements of a cause of action.'" *Id*. (citing *Twombly*, 550 U.S. at 555).

### a. Section 1981 and Title VII

The elements required to state a claim under both Section 1981 and Title VII are the same. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 181 (4th Cir. 2001). The Plaintiff must allege that he: (1) is a member of a race protected under Title VII; (2) was qualified for his job and his performance was satisfactory; (3) was subjected to an adverse employment action; and (4) was treated more severely than other similarly-situated individuals who are not members of the protected race. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

Plaintiff failed to plead sufficient facts to satisfy the second and fourth elements. First, nothing in Plaintiff's complaint or exhibits makes any showing that his job performance was satisfactory. To the contrary, as Plaintiff notes in his complaint, the reason given for his termination was that his job performance decreased. (Doc. No. 1, Compl. at ¶ 1.b.) Plaintiff's EEOC charge also indicates that he received a Final Written Warning on March 21, 2011 "for failure to meet [his] responsibility as a Manager." (Doc. No. 8, Exhibit A at 2.) Taken together, it appears that Plaintiff's job performance was not satisfactory. Second, Plaintiff failed to establish that he was treated more severely than any of StoneMor's other similarly-situated

8

employees.  Plaintiff makes absolutely no mention of how other employees were treated or how they are similarly situated to himself.  Conclusory unsupported claims of retaliation, abuse, and discrimination are not enough to satisfy Plaintiff's pleading requirement for this element.  The Court dismisses Plaintiff's Section 1981 and Title VII claims against StoneMor because Plaintiff failed to plead facts to support the second and fourth elements of the claims.

### b.  Executive Order 8802

Executive Order 8802 (the "Order") was enacted in 1941 to further a policy of prohibiting racial discrimination in "industries engaged in defense production" and to "encourage full participation in the national defense program."  Exec. Order No. 8802, 6 F.R. 3109 (June 25, 1941). However, nothing in the Order's language, even when broadly construed, can rightfully be interpreted as creating a private cause of action for discrimination.  Even if the Order did create a private cause of action, the record does not indicate that StoneMor is engaged in defense production nor in the national defense program in general.  In fact, StoneMor is engaged in operating at least one private cemetery.  *See* (Doc. No. 1, Compl. at ¶ 1); and (Doc. No. 8, Def.'s Memo in Support at 12.)  The Court dismisses Plaintiff's Executive Order 8802 claim, because Executive Order 8802 does not create a private cause of action for discrimination.

### c.  Wrongful Termination

Plaintiff fails to expressly assert a common law wrongful discharge claim.  However, insofar as a claim is impliedly stated, it fails.  Plaintiff alleges that Defendants "systematically request[ed] that [he] resign," and that he "was asked to resign by the staff of StoneMor."  (Doc. No. 1, Compl. at ¶¶ 1.b., 3.1.)  These allegations indicated that he resigned voluntarily.  Nowhere does Plaintiff allege an involuntarily termination.  Therefore, he failed to properly state a claim for wrongful termination.  Furthermore, any argument that Plaintiff was constructively

9

terminated is unavailing because North Carolina does not recognize that exception to the at-will employment doctrine. *Graham v. Hardee's Food Systems, Inc.*, 465 S.E.2d 558, 560 (N.C. Ct. App. 1996). Accordingly, the Court dismisses any implied claim for wrongful termination.

## V.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**. Accordingly, Plaintiff's claims against the Defendants are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed: September 12, 2012

Graham C. Mullen
United States District Judge